The UNITED STATES of America,
Plaintiff,

v.

ONE 1955 MODEL BUICK FOUR-DOOR
SEDAN AUTOMOBILE, Motor No.
V-738 9237, Respondent.

Civ. No. 561.

United States District Court
E. D. North Carolina, Wilson Division.
May 21, 1956.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for plaintiff.

Ruark, Young & Moore, Raleigh, N. C., for respondent.

GILLIAM, District Judge.

This cause was heard before the United States District Judge upon a petition by General Motors Acceptance Corporation for a remission of the forfeiture as provided for in Title 18 U.S.C.A. § 3617. On the evidence presented at the aforementioned hearing, I make the following findings of fact and conclusions of law.

In September, 1955, one William H. Merritt, of Lackey, Virginia, purchased the Buick in question from Burford Buick Corporation of Hampton, Virginia.

The sale was consummated by execution of a conditional sale contract and an installment note for the sum of $3,544.-50, representing the balance of the purchase price.

The conditional sale contract and Merritt's note were assigned to the Norfolk, Virginia, branch office of the claimant, General Motors Acceptance Corporation.

Before the sale and assignment were transacted, neither Burford Buick Cor-

poration nor General Motors Acceptance Corporation made the requisite statutory inquiry in Hampton, Virginia; Norfolk, Virginia; or Lackey, Virginia, where Merritt had resided for a number of years. No inquiry as to his character or financial standing was made elsewhere.

Merritt had no record or reputation, in the above mentioned locality of his residence or in the locality where the claimant acquired its interest, for violating State or Federal laws relating to liquor.

Merritt did have such a record in Wake County and in Halifax County, North Carolina.

Neither Burford Buick Corporation nor the claimant knew or had any reason to believe that the car, sold under the conditional sales agreement to Merritt, would be used in violation of State or Federal laws relating to liquor.

On December 10, 1955, the car in question was apprehended in Halifax County, North Carolina. It was loaded with ninety and one-half gallons of non-tax-paid whiskey.

On December 30, 1955, the United States filed a libel of information against the aforementioned automobile.

The claimant's interest in the car is $3,426.35, being the balance due under the conditional sales agreement and note.

The appraised value of the car is $2,000.

On these facts I reach these conclusions:

The Buick in question was used in violation of Title 26 U.S.C.A. §§ 7301 and 7302.

General Motors Acceptance Corporation has a valid interest in the Buick, which was acquired in good faith.

The claimant is bound by the answers it would have received to inquiries made at the locality of Merritt's residence and at the locality where the claimant acquired its interest.

The claimant was not burdened to make inquiry about Merritt many miles away in another state in counties not adjacent to the statutory localities of inquiry.

Jurisdiction is in this court to exercise discretion to remit the forfeiture of the Buick automobile in question.

It will be ordered that the Buick Automobile, Motor No. V–738 9237, be delivered to the claimant, General Motors Acceptance Corporation upon payment of all expenses incident to the seizure and forfeiture incurred by the United States.